# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 21, 2021

Lyle W. Cayce
Clerk

No. 20-60383
Summary Calendar

Abu Rayhan Adnan,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A203 652 705

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:*

Abu Rayhan Adnan, a native and citizen of Bangladesh, petitions this court to review the decision of the Board of Immigration Appeals ("BIA"). He contends that the BIA erred in affirming the Immigration Judge's ("IJ") adverse credibility determination and denial of his applications for asylum,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

withholding of removal, and relief under the Convention Against Torture ("CAT").

We review only the BIA's decision "unless the IJ's decision has some impact on the BIA's decision." *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Credibility determinations and determinations that an alien is not eligible for asylum, withholding of removal, or relief under the CAT are factual findings that are reviewed under the substantial evidence standard. *Avelar-Oliva v. Barr*, 954 F.3d 757, 763 (5th Cir. 2020); *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under that standard, we may not reverse the BIA's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang*, 569 F.3d at 537.

Adnan contends that the adverse credibility determination was in error because the inconsistencies between his testimony, credible fear interview, and documents submitted in support of his application were minor and unrelated to his claims. However, the IJ was permitted to rely on any inconsistency to determine Adnan's credibility, *see Avelar-Oliva*, 954 F.3d at 768, and the determination was supported by specific reasons based on the evidence presented and was, under the totality of the circumstances, substantially reasonable. *See Wang*, 569 F.3d at 538–39. The adverse credibility determination was supported by "specific and cogent reasons," so the record does not compel a finding that Adnan was credible. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

Substantial evidence supports the BIA's determination that the lack of credible evidence prevents Adnan from meeting his burden of proof for asylum, withholding of removal, or relief under the CAT. *See Dayo v. Holder*, 687 F.3d 653, 658–59 (5th Cir. 2012); *Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994).

The petition for review is DENIED.